**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Meenan, | No. CV-20-08122-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Navient Corporation, et al., | |
| Defendants. | |

Before the Court is Navient Corporation and Navient Solutions, LLC's ("NSL")[1] motion to dismiss, which is fully briefed.  (Docs. 13, 14, 16, 19.)  NSL's motion is denied for the following reasons.

Between July 1996 and September 1999, Denise Meenan took out seven William D. Ford Direct Loans, totaling $87,771, to finance her law school education.  (Doc. 11 at 5-6.)  After graduation, Ms. Meenan began employment as a public service attorney.  On July 26, 2002, Ms. Meenan's loan servicer, NSL, recharacterized her direct loans as FFEL Consolidated loans without her knowledge.  (*Id.* at 6.)

In 2007, Congress created the Public Service Loan Forgiveness ("PSLF") program, which provides loan forgiveness to participant borrowers if (1) the borrower's loans are qualifying direct loans, (2) the borrower is employed full-time by a qualifying public

---

[1] For present purposes, the Court jointly refers to Navient Corporation and Navient Solutions, LLC as NSL.  Although Defendants maintain that Navient Corporation is merely a parent corporation and is improperly named in this lawsuit, they do not brief the issue, it is not the basis for their motion, and the motion refers to the two entities, jointly, as NSL.

service employer, and (3) the borrower has made 120 on-time payments pursuant to a qualifying payment plan. *Winebarger v. Pa. Higher Ed. Assistance Agency*, 411 F. Supp. 3d 1070, 1079 (C.D. Cal. 2019).

On March 15, 2008, Ms. Meenan contacted NSL to confirm that her loans were eligible under the PSLF program. (Doc. 11 at 6.) An NSL representative assured Ms. Meenan by telephone that her loans and payment plan qualified. (*Id.*) Again, in July 2009 and August 2010, NSL assured her that her loans and payment plan qualified. (*Id.* at 7-8.) On June 17, 2011, Ms. Meenan emailed Joe Pinkas, her law school's student loan program director, who informed her that her loans were not direct loans and did not, in fact, qualify for the PSLF program. Instead, she learned she would need to consolidate her loans in order to qualify. (*Id.* at 8-9.) Ms. Meenan quickly consolidated her loans in July 2011. (*Id.* at 9.)

On June 10, 2019, Ms. Meenan requested an accounting of her payments from Fed Loan Servicing because she believed she would be making her 120th payment in the fall of 2019. (*Id.*) On April 3, 2020, Fed Loans Servicing informed her that 33 payments she made prior to loan consolidation in July 2011 did not count for PSLF purposes. (*Id.*)

On May 26, 2020, Ms. Meenan filed this suit, bringing claims against NSL under the Arizona Consumer Fraud Act ("ACFA") and Arizona common law. (Docs. 1, 11.) On August 3, 2020, NSL filed a motion to dismiss, asserting that each statute of limitations period[2] has run. (Docs. 13, 14.) NSL contends that the statute of limitations clock began to run on Ms. Meenan's claims in 2011 when Mr. Pinkas put her on notice that her loans did not qualify for PSLF in their present form, alerting her that NSL's 2008-2010 representations were untrue.[3] *Alaface v. National Inv. Co.*, 892 P.2d 1375, 1380 (Ariz. Ct.

___

[2] ACFA, negligent misrepresentation, and intentional misrepresentation claims are subject to one year, two-year, and three-year limitations periods, respectively. *Murry v. Western Am. Mortgage Co.*, 604 P.2d 651, 654 (Ariz. Ct. App. 1979); A.R.S. § 12-543(3); *Hullett v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003).

[3] NSL also references various documents, including agency complaints, which emphasize that Ms. Meenan knew, years before filing her 2020 complaint, that NSL had made misrepresentations to her. However, as the Court will explain, even though Ms. Meenan knew of NSL's misrepresentations as early as 2011, such misrepresentations did not injure her until 2019.

App. 1994) (The statute of limitations begins to run for an ACFA or common law fraud claims when the allegedly "defrauded party discovers or with reasonable diligence could have discovered the fraud."). NSL's argument is misguided.

In order to have standing to bring suit, a plaintiff must have suffered an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To determine whether Ms. Meenan would have had standing to bring suit on these claims in 2011, the Court must determine what injury Ms. Meenan alleges to have suffered and when that injury arose. The Central District of California's decision in *Winebarger* provides useful guidance.[4] There, the court found that the plaintiffs, who were several years from making their 120th qualifying loan payment, lacked standing to seek recovery for "be[ing] required to make more than the necessary 120 payments to obtain PSLF Program loan forgiveness" in the future. *Winebarger*, 411 F. Supp. 3d at 1086. The court explained,

> [T]hat injury is purely hypothetical. Plaintiffs may or may not make all their loan payments on time over the next five to seven years; they may or may not continue to work for a qualifying employer for the required time; and [Defendant] may [remedy the issue without court intervention]. Thus, Plaintiffs' unfounded fear that they may need to make more than 120 qualifying payments to obtain PSLF loan forgiveness in five to seven years is wholly speculative and far too remote to confer standing.

*Id.* at 1087. Like the plaintiffs in *Winebarger*, Ms. Meenan had not suffered the injury alleged in her complaint in 2011,[5] when, regardless of any misrepresentations, it was unclear whether Ms. Meenan would otherwise qualify for the PSLF program. Any number of factors other than NSL's misrepresentations—such as a decision by Ms. Meenan to enter the private sector to pursue more lucrative employment—could have rendered her ineligible for loan forgiveness. Ms. Meenan's claims were not ripe for judicial resolution in 2011 because the injury she alleges—experiencing a delay to her loan forgiveness—was

---

[4] NSL attempts to distinguish *Winebarger* from the instant case. None of the distinctions underscored by NSL are material to the Court's analysis.
[5] NSL argues that the statute of limitations clock should nevertheless have begun running in 2011 because the misrepresentations caused Ms. Meenan injuries as early as 2011 by preventing her, inter alia, from accessing a more simplified loan repayment plan. (Doc. 19 at 3.) The injuries listed by NSL in its reply are not those for which Ms. Meenan seeks redress in her complaint and are irrelevant to the statute of limitations analysis here.

- 3 -

at that time speculative.   Her injury only arose and became concrete, thereby starting the statute of limitations clock, once she made her 120th payment on November 1, 2019.   Ms. Meenan brought this action on May 26, 2020, well within each limitations period. Accordingly,

**IT IS ORDERED** that NSL's motion to dismiss (Doc. 13) is **DENIED**.

Dated this 27th day of August, 2020.

Douglas L. Rayes
United States District Judge